## WILLIAM T. WAY *vs.* J. M. DENNIE.

Suffolk.    May 19, 1899. — June 30, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Conversion — Tender — Ruling.*

In an action of tort for conversion the defendant, who was employed to take the goods from one place to another without instructions, has a right to prove that he adopted the most economical method in taking them by road rather than by rail, as one step toward proof of his right to recover what taking them by road was worth; and therefore he may prove the railroad charge for carrying the goods, that charge being more than the sum demanded by the defendant.

A failure by a carrier to tender goods at the place of destination is not *per se* a conversion.

TORT, for the conversion of two buggies and a harness. At the trial in the Superior Court before *Sheldon,* J., there was evidence tending to show that the defendant, who was an expressman, received the buggies and the harness at his office in Boston, to be delivered to the plaintiff in Stoughton, with no instructions whether they should be taken over the public road or railroad; that the defendant took them over the public road behind his express wagon, first bringing in a load of goods from Stoughton, then getting a return load and putting buggies on

behind; that tender of five dollars from the plaintiff to the defendant, at the plaintiff's place of business, was admitted; that the defendant refused to accept it, and wanted eight dollars, and kept the buggies for his charges; and that two dollars per buggy was a reasonable and fair charge, with the harness, when taking in a load, and returning with a load and buggies.

The defendant and another expressman testified that the railroad charge for taking out a single buggy over the railroad was some four dollars and odd cents, to which evidence the plaintiff excepted. The plaintiff asked the judge to rule that as the defendant never tendered the buggies and harness at the plaintiff's residence, where he was ordered to deliver them, two miles from the defendant's place of business, any lien which the defendant might have was dissolved, and this of itself was conversion. The judge refused so to rule; and the plaintiff alleged exceptions.

*J. W. Keith*, for the plaintiff.

No counsel appeared for the defendant.

HOLMES, J. 1. The defendant having been employed to take the buggies from Boston to Stoughton, without instructions, had a right to prove that he adopted the most economical method in taking them by road rather than by rail, as one step toward proof of his right to recover what taking them by road was worth. Therefore he was entitled to prove the railroad charge for carrying the buggies, that charge being more than the sum demanded by the defendant.

2. A failure of the defendant to tender the goods at the plaintiff's residence was not a conversion. *Polley* v. *Lenox Iron Works*, 2 Allen, 182, 183, 184.

*Exceptions overruled.*